## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **JONTAVIA CALAHAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **BMJ FOOD CORPORATION d/b/a** | § | |
| **CHURCH'S CHICKEN** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jontavia Calahan files this, her Original Complaint, against BMJ Food Corporation d/b/a Church's Chicken  (in its assumed or common name) for violating federal law.  The causes of action and summary of claims relating thereto are addressed below:

### I. PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Jontavia Calahan ("Plaintiff" or "Calahan") is currently a citizen and resident of the State of Texas.

2.    Defendant BMJ Food Corporation d/b/a Church's Chicken, ("Defendant" or "Church's Chicken"), is a corporation, authorized to do business, and is doing business, in the State of Texas, with its main corporate headquarters being located in Arlington, Texas.  Defendant may be served through its registered agent for service, Minoo Davachi, located at 5410 Matlock Road, Arlington, Texas 76018, or wherever he may be found.

3.    The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 & §1343.  Venue exists in this district and division as detailed in 28 U.S.C. §1391.

---

4.      Plaintiff filed a "Charge of Discrimination" with the Texas Workforce Commission and the Equal Employment Opportunity Commission ("EEOC") on or about May 2, 2013, alleging race discrimination. Plaintiff filed an additional "Charge of Discrimination" on June 30, 2014.  A Notice of Right to Sue was issued by the EEOC on January 12, 2015.  This action is being commenced within the required time limits of the Civil Rights Act of 1964 (as amended), 42 U.S.C. §§2000e *et. seq.* ("Title VII"), and 42 U.S.C. §1981 *et seq.*

## II. FACTUAL BACKGROUND

5.      Plaintiff was formerly employed by Defendant as a cashier.   During Plaintiff's employment with Defendant she was subject to racial discrimination and retaliation by her manager.

6.      Plaintiff is a non-Caucasian American female, having skin color and physical features that would place her in the commonly referred to classification of "Black" or "African-American."  She possesses distinct racial features and ethnic characteristics that are different from Caucasian or "white" Americans.

7.      In September 2013, Plaintiff began wearing her hair in a traditional way for an African-American female.   On or about September 21, 2013, Plaintiff's manager held an employee meeting wherein he told Plaintiff that she needed to go home because she could not wear her hair up in this traditional way. Plaintiff received a write-up and suspension for "unusual hair," for her nail polish, and accused her of failure to use a hairnet. Other non-African American females were allowed to wear their hair however they wanted, including down or in ponytails, and they were never written up or suspended for the way they wore their hair. Similarly, non-African American females wore nail polish, and they were never written up or suspended for wearing this.  Furthermore, Defendant did not provide hairnets for any employees, it was never mandatory, and Plaintiff was the only individual written up and suspended for not wearing a hairnet, even though non-African Americans did not wear a hairnet.

_____

8.     On or about September 23, 2013, complaints about the racially disparate treatment by Plaintiff's managers towards Plaintiff -- who was a minor at the time -- were made to the corporate office.  Thereafter, Plaintiff was removed from the schedule.  When Plaintiff picked up her check, Plaintiff's manager informed Plaintiff that she would not be allowed to come back to work for Defendant because the complaints and reports of racial discrimination "made it bad for her."  Clearly, Plaintiff was terminated because of the reports of racial harassment against her, and because of disparate treatment based on her race.

### III. <u>CAUSE OF ACTION-- VIOLATION OF TITLE VII & 42 U.S.C. 1981</u>

9.     Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 8 as if fully stated herein.

10.     Plaintiff has satisfied all jurisdictional prerequisites in connection with her claims under the Civil Rights Act of 1964 (as amended), 42 U.S.C. §§2000e *et. seq*. ("Title VII"), 42 U.S.C. §1981, and 42 U.S.C. §1981(a).

11.     Defendant is an "employer" as defined by Title VII.

12.     Plaintiff is an "employee" as defined by Title VII.

13.     Plaintiff's claims of discrimination, and/or retaliation pursuant to contract under 42 U.S.C. §1981 and 42 U.S.C. §1981(a)*,* are brought pursuant to the requirements and obligations of those statutes and 42 U.S.C. §1983.

14.     As described above, Defendant intentionally and willfully violated the Title VII, and 42 U.S.C. 1981, by racially discriminating, and retaliating against Plaintiff, such that it affected the terms and conditions of Plaintiff's employment, and ultimately led to the discharge of Plaintiff.

_____

15.     Defendant does not have adequate policies or procedures in place to address the discrimination, nor did they implement prompt remedial measures.

16.      As a result of Defendant's violations, (as mentioned above), Plaintiff has suffered actual damages in the form of lost wages and benefits, (past and future), in an amount that has not yet been fully established, but which can be estimated for the purpose of bringing this lawsuit.  Plaintiff has also suffered mental trauma, loss of enjoyment of life, and other losses.

17.     As a result of these willful and intentional violations of federal law mentioned above by Defendant, Plaintiff requests that they she be awarded all compensatory and punitive damages to which he is entitled, equitable and/or injunctive relief, and attorney fees and costs.

## IV. JURY DEMAND

Plaintiffs request a trial by jury on all claims.

---

## V. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that on final trial, Plaintiff have judgment against Defendant as follows:

a.      Judgment against Defendant for actual damages, including lost wages and benefits (both back pay and front pay), the sum to be determined at time of trial;

b.      Judgment against Defendant for compensatory damages, (including, but not limited to, mental anguish and loss of enjoyment of life), in the maximum amount allowed by law;

c.      Judgment against Defendant for punitive damages in the maximum amount allowed under law;

d.      An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of the Title VII and 42 U.S.C §1981;

e.      Pre-judgment and post-judgment interest at the maximum amount allowed by law;

f.      Costs of suit, including attorney's fees and other costs; and

g.      The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.


Respectfully submitted by:


**/s/ Robert (Bobby) Lee_____**
**Robert (Bobby) Lee**
State Bar No. 00787888
lee@l-b-law.com
**Megan Dixon**
State Bar No. 2479901
dixon@l-b-law.com
**LEE & BRAZIEL, LLP**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:  (214) 749-1400
Fax:  (214) 749-1010

**ATTORNEYS FOR PLAINTIFFS**