IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JONTAVIA CALAHAN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:15-cv-251-O |
| BMJ FOOD CORPORATION d/b/a CHURCH'S CHICKEN, | § § § § | |
| Defendant. | § § § | |

### ORDER

Before the Court are Plaintiff's Motion for Summary Judgment, Brief, and Appendix in Support (ECF Nos. 23–25), filed March 31, 2016. Defendant BMJ Food Corporation, no longer represented by counsel, did not file a responsive pleading. Having considered the Motion, the briefing, the appendix, and the applicable law, the Court finds that the Motion should be and is hereby **GRANTED**.

**I.     BACKGROUND**

This factual recitation is taken from Plaintiff's ("Calahan") Original Complaint. *See generally* Compl., ECF No. 1. Defendant ("BMJ") formerly employed Calahan as a cashier at a Church's Chicken franchise. *Id.* ¶ 5. "Plaintiff is a non-Caucasian American female, having skin color and physical features that would place her in the commonly referred to classification of 'Black' or 'African-American.'" *Id.* ¶ 6. In September 2013, Calahan "began wearing her hair in a traditional way for an African-American female." *Id.* ¶ 7. On or about September 21, 2013,

1

Calahan's manager held an employee meeting and told Calahan "that she needed to go home because she could not wear her hair up in this traditional way." *Id.* Later, Calahan received a write-up and suspension for "unusual hair," nail polish, and failure to use a hairnet. *Id.* "Other non-African American females were allowed to wear their hair however they wanted, including down or in ponytails, and they were never written up or suspended for the way they wore their hair. Similarly, non-African American females wore nail polish, and they were never written up." *Id.* Moreover, Calahan was the only individual written up and suspended for not wearing a hairnet, "even though non-African Americans did not wear a hairnet." *Id.*

On or about September 23, 2013, Calahan's mother made a call on her behalf to complain about the managers' racially disparate treatment. *Id.* ¶ 8. "Thereafter, [Calahan] was removed from the schedule. When [she] picked up her check, [Calahan's] manager informed [her] that she would not be allowed to come back to work for [BMJ] because the complaints and reports of racial discrimination 'made it bad for her.'" *Id.* Based on these facts, Calahan brings claims for discrimination and retaliation under the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and 42 U.S.C. § 1981 ("§ 1981"). In the instant motion, Calahan moves for summary judgment on each of her claims. *See* Mot. Summ. J., ECF No. 24. BMJ failed to file a response, and the motion is ripe for review.

## II.   LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if

2

the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine dispute as to any material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

Where, as here, no response is filed to a motion for summary judgment, the court may not grant summary judgment by default. *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also Ford-Evans v. Smith*, 206 F. App'x 332, 334 (5th Cir. 2006). This is true even where the failure to respond violates a local rule. *United States v. Wilson*, 113 F. App'x 17, 18 (5th Cir. 2004).

However, "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). The court may accept the movant's evidence and factual assertions as undisputed. Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly

3

support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]"); *Jegart v. Roman Catholic Church of Diocese of Houma Thibodaux*, 384 F. App'x 398, 400 (5th Cir. 2010) ("When a party does not file an opposition to a motion for summary judgment, the district court is permitted to consider the facts listed in support of the motion as undisputed . . . .").

## III.   ANALYSIS

Calahan moves for summary judgment on each of her claims. *See* Compl. ¶¶ 9–17, ECF No. 1. The Court examines each in turn.

### A.   Retaliation

To establish a *prima facie* case of retaliation, Calahan must establish that: (1) she engaged in an activity protected by Title VII; (2) her employer took an adverse employment action; (3) there was a causal link between the protected activity and her employer's adverse action. *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 684 (5th Cir. 2001). "Protected activity" is defined as "opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Ackel v. Nat'l Comm'ncs, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003). Title VII discrimination can be established through either direct or circumstantial evidence. *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). "Direct evidence" is evidence which, if believed, proves the fact of discrimination without inference or presumption. *Portis v. First Nat'l Bank of New Albany*, 34 F.3d 325, 328–29 (5th Cir. 1994).

To support her claim, Calahan provides deposition testimony to show that Calahan's mother, as an agent for her minor daughter, called to report the discriminatory actions to Church's Chicken's

corporate office.  App. Supp. Mot. Summ. J. ("Babadi Dep."), App. 25–26, ECF No. 25.  An employee's informal complaint to an employer may constitute participation in a protected activity, if the complaint is in opposition to conduct that is unlawful, and the employee holds a good faith, reasonable belief of the conduct's unlawfulness.  *Williams v. Racetrac Petroleum, Inc.*, 824 F. Supp. 2d 723 (M.D. La. 2010) (citing *Cavazos v. Springer*, No. B-06-058, 2008 WL 2967066, at *7 (S.D. Tex. Aug. 1, 2008) (interpreting *Burlington N. & Santa Fe Co. v. White*, 548 U.S. 53 (2006))); *see* 42 U.S.C. § 2000E-3(a) ("It shall be an unlawful employment practice . . . to discriminate against any [] employee[] . . . because he has opposed any practice made an unlawful [] practice by this subchapter.").  In her informal complaint to the employee hotline, Calahan's mother "threatened legal EEOC action" based on Calahan's suspension.  App. Supp. Mot. Summ. J., App. 33, ECF No. 25.  Accordingly, the Court finds that Calahan, through her mother, engaged in protected activity under Title VII by complaining of conduct that is unlawful and holding a good faith belief of the conduct's unlawfulness.

To prove the second element of her claim, Calahan must provide competent summary judgment evidence to show that her employer took an adverse employment action against her.  *Medina*, 238 F.3d at 684.  It is well-established that termination constitutes an adverse employment action.  Calahan provides evidence that BJM completed an incident report for "verbal warning, written warning, suspension, termination, and [] final termination" following Calahan's mother's complaint on her behalf.  App. Supp. Mot. Summ. J., App. 23–24, ECF No. 25.  Thus, Calahan satisfies her burden to show a lack of a genuine dispute that she suffered an adverse employment action.

Finally, to prove the third element of her claim, Calahan must show that there was a causal

5

link between the protected activity and her employer's adverse action. *See Medina*, 238 F.3d at 684. Calahan provides direct evidence of the causal link between the protected activity and her employer's adverse action in the form of Babadi's deposition admission: "If her mom wouldn't have called the corporate, I would have get [sic] her back . . . ." *Id*. at App. 32. Because the motion is unopposed, the Court may consider this evidence unopposed and summary judgment is proper. *Jegart*, 384 F. App'x at 400. Calahan's motion for summary judgment is **GRANTED**.

B.     **Discrimination**

Next, Calahan moves for summary judgment on her discrimination claim. Mot. Summ. J. 7, ECF No. 24. To establish a *prima facie* case of sex discrimination under Title VII and § 1981, Calahan is required to show: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably. *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). It has already been established that Calahan is a member of a protected class and suffered an adverse employment action. *See* Mot. Summ. J. 8, ECF No. 24; *supra* Section II.A. Moreover, the Court may assume that she was qualified for the position she previously held. Therefore, the Court will examine the summary judgment evidence that others similarly situated but outside the protected class were treated more favorably. *Alvarado*, 492 F.3d at 611.

Calahan attaches her own affidavit and Brittany White's affidavit to show that others similarly situated but outside the protected class were treated more favorably. App. Supp. Mot. Summ. J., App. 36–38, ECF No. 25. White states that non-African American employees were given more hours than African American employees. *Id.* at App. 36. In her own affidavit, Calahan states that non-African American employees were allowed to wear their hair without a hairnet, and were

6

never suspended or terminated for failing to wear a hairnet. *Id.* at App. 38. The Court finds the undisputed evidence establishes a lack of genuine dispute that similarly situated employees were treated more favorably that Calahan. Specifically, other employees were not terminated for wearing nail polish or failing to wear a hairnet. Accordingly, summary judgment is **GRANTED** on this claim.

IV. **CONCLUSION**

Having considered Calahan's Motion for Summary Judgment (ECF No. 23), the Court finds that it should be **GRANTED**. The Court sets this matter for a hearing on damages **on May 23, 2016 at 11:00 a.m.**.

**SO ORDERED** on this **13th day of May, 2016.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**